UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                       :
UNITED NATURAL FOODS, INC.,                                            :
                                                                       :
                    Plaintiff,                                         :
                                                                       :
              - against -                                              :      Civil Action No.: _____
                                                                       :
GOLDMAN SACHS GROUP, INC.;                                             :
GOLDMAN SACHS BANK USA;                                                :      Removed from the Supreme Court of
GOLDMAN SACHS LENDING PARTNERS,                                        :      the State of New York, New York
LLC; STEPHAN J. FELDGOISE; BANK OF                                     :      County
AMERICA, N.A.; and MERRILL LYNCH,                                      :
PIERCE, FENNER & SMITH                                                 :      Index No.: 650594/2019
INCORPORATED                                                           :
                                                                       :
                    Defendants.                                        :
                                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, for the reasons stated below, the undersigned defendants (collectively, the "Removing Defendants") hereby remove the above-captioned action (the "Action") from the Supreme Court of the State of New York, New York County (the "State Court"), to the United States District Court for the Southern District of New York.

This removal arises under the Edge Act, 12 U.S.C. §§ 611, *et seq.* The Removing Defendants appear for the purpose of removal only and for no other purpose, and reserve all rights and defenses. As to grounds for removal, the Removing Defendants state as follows:

## SUMMARY

1.     This Court has original jurisdiction over this Action under the Edge Act because defendant Bank of America, N.A. is a national banking association organized under the laws of the United States, and the claims of plaintiff United Natural Foods, Inc. ("Plaintiff") "aris[e] out of transactions involving international or foreign banking . . . or out of other international or

foreign financial operations."  12 U.S.C. § 632.  Accordingly, "any defendant . . . may, at any time before the trial thereof, remove [this Action] from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law."  *Id.*

2.     The Removing Defendants reserve the right to supplement or amend this Notice of Removal in the event that additional grounds for removal become clear.

## PROCEDURAL HISTORY AND BACKGROUND

3.     On or about January 30, 2019, Plaintiff filed a Complaint in the State Court under index number 650594/2019 (the "Complaint").  In accordance with 28 U.S.C. § 1446(a), attached as **Exhibit A** are copies of all process, pleadings, and orders served upon the Removing Defendants or otherwise filed in State Court in the Action.

4.     Plaintiff is the largest publicly traded distributor of natural, organic, specialty, and conventional grocery and non-food products, and provider of professional support services in the United States and Canada.  In 2018, Plaintiff announced that it would acquire SUPERVALU, Inc., the largest publicly traded food distributer in the United States.  As part of the acquisition, defendants Goldman Sachs Bank USA, Goldman Sachs Lending Partners LLC, Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated, along with U.S. Bank National Association ("U.S. Bank") (together, the "Arrangers") entered into an agreement (the "Commitment Letter," attached as **Exhibit B**) with Plaintiff to fund a loan (the "Term Loan") that Plaintiff needed to acquire SUPERVALU, Inc.  The Commitment Letter gave the Arrangers the option to syndicate the Term Loan to other banks, financial institutions, or other investors reasonably acceptable to Plaintiff.  Goldman Sachs Bank USA operated as the lead-left arranger

of the Term Loan syndication, which it performed on behalf of the other Arrangers.  Eventually the Term Loan was syndicated to approximately 64 investors, a number of which are foreign.

5.      Plaintiff generally alleges that the Arrangers breached their obligations in connection with the syndication of the Term Loan to benefit themselves at the expense of Plaintiff, including by increasing the interest rate on the Term Loan and adding SUPERVALU, Inc. as a co-borrower, which allegedly made the Term Loan more attractive to certain members of the loan syndicate.  Plaintiff also generally alleges that the Arrangers wrongfully withheld fees owed by Plaintiff from the Term Loan.  Plaintiff asserts claims for breach of contract, breach of the implied contractual duty of good faith, and fraud.  The Removing Defendants dispute that they have any liability whatsoever to Plaintiff.[1]

6.      Under Section 9 of the Commitment Letter, the parties agreed to submit to the exclusive jurisdiction of certain courts, including the courts of the United States for the Southern District of New York.

7.      The Removing Defendants were served with the Complaint on February 1, 2019.  Other than two motions for admission *pro hac vice*, no motions or other proceedings in this Action are pending in the State Court.  No Defendant has even entered an appearance in the State Court.  Defendants' time to respond to the Complaint has not lapsed.

8.      Removal of this Action is timely pursuant to 28 U.S.C. § 1446(b) because it is being effected within 30 days of the Removing Defendants receiving copies of the initial

---

[1] On or about January 30, 2019, Plaintiff filed a complaint against U.S. Bank in the State Court (No. 650597/2019), which complaint is based on substantially the same factual allegations as the Complaint.  U.S. Bank is removing that action contemporaneously with this Notice of Removal.  Promptly after removal, U.S. Bank intends to move to intervene in this Action and to disqualify Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn") from representing Plaintiff due to Quinn's clear adversity to U.S. Bank—Quinn's current client in other matters.

pleading.  In addition, the Edge Act permits removal "at any time before the trial."  12 U.S.C. § 632.

9.      Venue is proper in this Court for removal purposes because this Court is "the district court of the United States for the district and division within which [this] action is pending."  28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 112(b).

## REMOVAL BASED ON THE EDGE ACT

10.     This Court has original jurisdiction over this Action based on the Edge Act.  The Edge Act creates an independent basis for original federal jurisdiction when a party to a civil action is a federally chartered corporation and the action arises out of transactions involving international or foreign banking or other international or foreign financial transactions.  The Edge Act was "meant to give a federal forum to nationally chartered banks."  *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 795 (2d Cir. 1980); *see also Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, 712 F.3d 775, 778-79 (2d Cir. 2013) (discussing history and purpose of Edge Act jurisdiction).

11.     The Edge Act provides, in relevant part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations . . . shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits.

12 U.S.C. § 632.  This Action meets the requirements for federal jurisdiction set forth in this provision.

12.     This Action plainly is a "suit of a civil nature at common law or in equity" as required by the Edge Act.

13.     Defendant Bank of America, N.A. is a national banking association chartered under federal law and is therefore a "corporation organized under the laws of the United States." 12 U.S.C. § 632; *see, e.g.*, *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 94 (S.D.N.Y. 1989) ("'N.A.' . . . is a common abbreviation among federally chartered banks for 'National Association.'").

14.     The only remaining requirement is that the Action "aris[e] out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations."  12 U.S.C. § 632.  A suit will satisfy this jurisdictional prerequisite "if *any part of it* arises out of transactions involving international or foreign banking," *Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 214 (S.D.N.Y. 2005) (internal quotation marks omitted), so long as the foreign transaction at issue is "an offshore banking or financial transaction of th[e] federally chartered corporation."  *Am. Int'l Grp., Inc.*, 712 F.3d at 784.  Thus, federal courts "routinely" exercise jurisdiction pursuant to Section 632 "in cases based on state law causes of action and containing only an incidental connection to banking law," and even if "the international or foreign banking activity [is] not central to the case."  *In re Lloyd's Am. Trust Fund Litig.*, 928 F. Supp. 333, 340 (S.D.N.Y. 1996); *Luby's Fuddruckers Restaurants, LLC v. Visa Inc.*, 342 F. Supp. 3d 306, 318 (E.D.N.Y. 2018) (same).  Indeed, the Second Circuit has held that the relevant transaction need only implicate a foreign entity, even if the transaction is otherwise domestic.  *See Vintero*, 629 F.2d at 788, 792 (holding that Edge Act jurisdiction was appropriate where a bank issued a letter of credit against a foreign company's New York-based account and the letter of credit was drawn in New York); *accord Highland Crusader Offshore Partners, L.P. v. LifeCare Holdings, Inc.*, 627 F. Supp. 2d 730, 733-34 (N.D. Tex. 2008).

15.     Application of the Edge Act "is not limited to the original two parties to a banking transaction," *Conjugal Soc. Composed of Juvenal Rosa v. Chicago Title Ins. Co.*, 690 F.2d 1, 4 (1st Cir. 1982), and it supplies federal jurisdiction regardless of whether any foreign person is named as a party.  *See, e.g.*, *Kirschner v. JPMorgan Chase Bank, N.A.*, No. 17 CIV. 6334 (PGG), 2018 WL 4565148, at *7-*10 (S.D.N.Y. Sept. 24, 2018) (finding Edge Act jurisdiction where two investors to whom a term loan was syndicated were foreign entities); *Contitrade Serv. Corp. v. Eddie Bauer, Inc.*, 794 F. Supp. 514 (S.D.N.Y. 1992) (finding Edge Act jurisdiction in dispute between domestic parties regarding letter of credit that benefitted foreign party); *Lloyd's*, 928 F. Supp. at 340 (collecting cases).

16.     Moreover, courts have held that the requisite banking transactions include "traditional banking activities."  *Highland Crusader*, 627 F. Supp. 2d at 735; *see, e.g.*, *Lemgruber*, 385 F. Supp. 2d at 215 (noting that wire transfers, management of deposits, and investment advice underlying tort claims constituted "banking activities" for Edge Act jurisdiction) (citing *Warter v. Boston Secs., S.A.*, No. 03 CIV. 81026, 2004 WL 691787, at *7-8 (S.D. Fla. Mar. 22, 2004)).  In particular, the making and sale of loans qualifies as a traditional banking activity for the purpose of Edge Act jurisdiction.  *See Kirschner*, 2018 WL 4565148, at *13 (holding that "the sale of loans constitutes a traditional banking activity"); *Nacional Financiera S.N.C. v. Chase Manhattan Bank, N.A.*, No. 00 CIV. 1571 (JSM), 2001 WL 327159, at *3 (S.D.N.Y. Apr. 4, 2001) (noting that "loan agreements" are a traditional banking activity conferring Edge Act jurisdiction); *Pinto v. Bank One Corp.*, No. 02 CIV. 8477 (NRB), 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003) (classifying the making of loans and related transactions as traditional banking activity under the Edge Act); *see also* 12 U.S.C. § 24(7) (authorizing national banks to "carry on the business of banking[] by discounting and negotiating

promissory notes . . . and other evidences of debt"); Office of the Comptroller of the Currency, LOAN PARTICIPATIONS, 1998 WL 161494, at *1 (Apr. 1998) ("The purchase and sale of loans and participations in loans are established banking practices."). There is "no threshold dollar amount or percentage required" of such a transaction to satisfy the jurisdictional predicates of the Edge Act. *Kirschner*, 2018 WL 4565148, at *7 (citing cases).

17.     Furthermore, even if a case does not involve banking transactions, jurisdiction under the Edge Act is still proper if the case involves "international financial operation[s]." *Lemgruber*, 385 F. Supp. 2d at 215 n.13; s*ee also Salix Capital U.S. Inc. v. Banc of Am. Sec. LLC*, No. 13 CIV. 4018 (NRB), 2013 WL 6847064, at *8 (S.D.N.Y. Dec. 30, 2013) (finding that "the operations prong [is] a broad, catch-all provision intended to cover conduct beyond mere banking transactions"); *Lloyd's*, 928 F. Supp. at 341 (finding that "[e]ven if the transactions in question here do not constitute banking proper . . . they surely fall within the ambit of the 'financial operations' contemplated by the statute").

18.     The Complaint seeks to impose liability on the Removing Defendants, including Bank of America, N.A., for claims that arise out of banking transactions that involved certain lenders. A number of those lenders are foreign (the "Foreign Lenders"), including an entity organized under the laws of the Cayman Islands and based in Canada and four entities organized under the laws of Luxembourg and with offices in Luxembourg and Switzerland.

19.     Plaintiff consented to the assignment of the Term Loan to each of the lenders, including the Foreign Lenders. Pursuant to agreements among and between the Arrangers, Goldman Sachs Bank USA syndicated the loan to the Foreign Lenders on behalf of all the Arrangers, including Bank of America, N.A. In addition, Goldman Sachs Bank USA attempted

to syndicate the loan to a number of other foreign investors on behalf of all the Arrangers, including Bank of America, N.A.

20.     Because the Complaint brings claims against Bank of America, N.A. that arise out of the syndication of the Term Loan, the Term Loan was syndicated to the Foreign Lenders, among others, and a number of other foreign investors were approached about syndication, the case "aris[es] out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations," and federal jurisdiction exists under the Edge Act. 12 U.S.C. § 632.

21.     As a result of the foregoing, federal jurisdiction exists under the Edge Act.

## OTHER PROCEDURAL REQUIREMENTS

22.     Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, and serve Plaintiff with a copy of the Notice of Filing and the Notice of Removal.   Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the Removing Defendants will file with this Court a Certificate of Service of the Notice of Filing and the Notice of Removal.

23.     While consent to removal by all Defendants is not required under the Edge Act— *see* 12 U.S.C. § 632 (providing that "any defendant" may remove the suit)—all Defendants named in this Action join in and consent to this Notice of Removal.

24.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

25.     By filing this Notice of Removal, the Removing Defendants do not waive any defenses that may be available to any of them (including without limitation any defenses relating

to jurisdiction) and do not concede that the allegations in the Complaint state a valid claim under any applicable law.

26.     The Removing Defendants reserve the right to submit at an appropriate time and under appropriate confidentiality protections factual support, evidence, and affidavits to support the foregoing bases for federal jurisdiction, should that become necessary.

27.     The Removing Defendants reserve the right to supplement or amend the foregoing Notice of Removal to add other bases for federal jurisdiction that become apparent as a result of any amended complaint filed by Plaintiff in this Action.

*     *     *

WHEREFORE, the Removing Defendants hereby remove this Action from the Supreme Court of the State of New York, County of New York, to this Court.


Dated:   New York, New York
         February 20, 2019


                        DAVIS POLK & WARDWELL LLP

                        By:     /s/Lawrence Portnoy
                                Lawrence Portnoy
                                Andrew S. Gehring
                                Daniel S. Magy

                        450 Lexington Avenue
                        New York, New York 10017
                        (212) 450-4000
                        lawrence.portnoy@davispolk.com
                        andrew.gehring@davispolk.com
                        daniel.magy@davispolk.com

                        *Attorneys for Defendants*
                          *Bank of America, N.A. and Merrill Lynch,*
                          *Pierce, Fenner & Smith Incorporated*

CRAVATH, SWAINE & MOORE LLP

By:    /s/Michael A. Paskin
          Michael A. Paskin
          Michael T. Reynolds
          Lauren A. Moskowitz
          Members of the Firm

825 Eighth Avenue
New York, New York 10019
(212) 474-1000
mpaskin@cravath.com
mreynolds@cravath.com
lmoskowitz@cravath.com

*Attorneys for Defendants*
   *The Goldman Sachs Group, Inc.;*
   *Goldman Sachs Bank USA;*
   *Goldman Sachs Lending Partners LLC;*
   *and Stephan J. Feldgoise*