# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———
CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1760

WRITER'S EMAIL ADDRESS
mpaskin@cravath.com

ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ

JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

———
SPECIAL COUNSEL
SAMUEL C. BUTLER

———
OF COUNSEL
MICHAEL L. SCHLER

May 16, 2019

<u>United Natural Foods, Inc. v. Goldman Sachs Group, Inc., et al.</u>, No. 19-cv-01607

Dear Judge Stanton:

      We represent Goldman Sachs in the above-referenced action. We write to request that the Court construe Goldman Sachs' letter, dated April 29, 2019 (Dkt. 31, annexed hereto as Exhibit A), as a motion for costs and fees under Rule 41(d) of the Federal Rules of Civil Procedure, or, in the alternative, schedule a pre-motion conference so that Goldman Sachs may formally move for costs and fees under Rule 41(d).

      Plaintiff has not filed any response to Goldman Sachs' April 29 letter, which was served on Plaintiff's counsel via ECF at the time of filing. More than a week later, on May 8, 2019, we asked Plaintiff's counsel whether they intended to file any response to the April 29 letter. Plaintiff's counsel has not responded to that inquiry.

      In light of the time elapsed and Plaintiff's lack of any response to date, Goldman Sachs respectfully requests that the Court construe the April 29 letter as a motion under Rule 41(d), or, in the alternative, schedule a pre-motion conference at the Court's earliest convenience.

Respectfully,

Michael A. Paskin

The Hon. Louis L. Stanton, U.S.D.J.
   United States District Court for the Southern District of New York
      Daniel Patrick Moynihan United States Courthouse
         500 Pearl Street
            New York, NY 10007-1312

Copies to:

All Attorneys of Record via ECF

# Exhibit A

# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1760

WRITER'S EMAIL ADDRESS
mpaskin@cravath.com

ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ

JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

SPECIAL COUNSEL
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER

April 29, 2019

*United Natural Foods, Inc. v. Goldman Sachs Group, Inc., et al.*, No. 19-cv-01607

Dear Judge Stanton:

      We represent Defendants The Goldman Sachs Group, Inc.; Goldman Sachs Bank USA; Goldman Sachs Lending Partners LLC; and Stephan J. Feldgoise (collectively "Goldman Sachs") in the above-referenced action. We write to request a pre-motion conference regarding Goldman Sachs' anticipated motion under Rule 41(d)(1) of the Federal Rules of Civil Procedure to recoup the costs, including attorneys' fees, that Goldman Sachs was obligated to incur defending the above-referenced action, which was voluntarily dismissed by plaintiff United Natural Foods, Inc. ("UNFI") on April 12, 2019 (Dkt. 30).[1] Rather than respond to U.S. Bank National Association's ("U.S. Bank") motion to disqualify Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn"), as this Court had directed, UNFI dismissed this action (along with its parallel action against U.S. Bank), and refiled a nearly identical complaint in the New York Supreme Court against Goldman Sachs to avoid federal court jurisdiction and this Court's consideration of U.S. Bank's disqualification motion.

      Rule 41(d)(1) establishes that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action". "Rule 41(d)'s purpose is clear and undisputed: to serve as a deterrent to forum shopping and vexatious litigation." *Horowitz v. 148 S. Emerson Assocs. LLC*,

---

[1] Goldman Sachs reserves its right to indemnification from UNFI by all other means, including, but not limited to, any agreement between Goldman Sachs and UNFI.

Case 1:19-cv-01607-LLS   Document 32   Filed 05/16/19   Page 5 of 6
Case 1:19-cv-01607-LLS   Document 31   Filed 04/29/19   Page 2 of 3

2

888 F.3d 13, 25 (2d Cir. 2018) (internal quotation marks omitted). The Court is "free, in its discretion, to award attorneys' fees as part of costs". *Id.*[2]

Goldman Sachs is entitled to costs and fees under Rule 41(d). On January 30, 2019, UNFI filed two actions in the Supreme Court of the State of New York, based on the same factual allegations and the same contracts, and seeking the same alleged damages. The first action was against Goldman Sachs, Bank of America, N.A. and Merrill Lynch, Pierce, Fenner & Smith Incorporated (together, with Bank of America, N.A., "Bank of America") (Index No. 650594/2019); the second was against U.S. Bank (together with Goldman Sachs and Bank of America, the "Defendants") (Index No. 650597/2019). UNFI split its claims—thereby increasing the burden upon Goldman Sachs as discussed below- -in an attempt to escape the fact that its counsel (Quinn) was directly attacking a transaction of another of Quinn's current clients (U.S. Bank).

On February 20, 2019, Defendants removed both actions to this Court under the Edge Act. (Dkt. 1; 19-cv-01609, Dkt. 1.) On February 22, 2019, Defendants filed a pre-motion letter, apprising the Court of U.S. Bank's anticipated motion to intervene and to disqualify Quinn, Defendants' anticipated motion to consolidate both actions and Defendants' request to stay both actions pending resolution of U.S. Bank's disqualification motion. (Dkt. 13.) On February 25, 2019, UNFI filed a response letter, announcing its intention to oppose U.S. Bank's disqualification motion and to move to remand. (Dkt. 14.)

On March 6, 2019, the Court held a conference with the parties, granted Defendants' request for a stay, and ordered briefing on disqualification before remand. Despite its contention that time was "of the essence" (19-cv-01609, Dkt. 12) and its refusal to agree to Defendants' request for a one-week extension to respond to its complaints (Dkt. 20), UNFI stated at the March 6 conference that it would require up to three weeks after receiving U.S. Bank's opening brief on the disqualification issue to file its response. On March 7, UNFI asked for reconsideration of the Court's ruling. (Dkt. 25.) On March 8, the Court denied UNFI's request because "the question of Quinn Emanuel's ability to represent UNFI in its attack on interests shared by Quinn Emanuel's client, U.S. Bank, is not frivolous and should be decided promptly, followed by the fundamental question of jurisdiction handled by qualified counsel". (Dkt. 26.) The same day, U.S. Bank filed its motion to intervene and disqualify Quinn. (Dkt. 27.)

On March 29, 2019—three weeks later—Quinn informed U.S. Bank's counsel that it planned to take another week before responding to the disqualification motion. However, UNFI did not file its response on April 5. Rather, on April 12—five

---

[2] Goldman Sachs is prepared to submit to the Court an accounting of its reasonable costs and fees and, with leave of the Court, to submit such an accounting with appropriate protections for confidential information.

Case 1:19-cv-01607-LLS  Document 32  Filed 05/16/19  Page 6 of 6
Case 1:19-cv-01607-LLS  Document 31  Filed 04/29/19  Page 3 of 3

3

weeks after U.S. Bank moved for disqualification—Quinn informed U.S. Bank's counsel that "[w]e have advised the Court that we will file our opposition today". Instead, hours later, UNFI dismissed its actions in this Court against Goldman Sachs, Bank of America and U.S. Bank (Dkt. 30; 19-cv-01609, Dkt. 16) and then, nearly simultaneously, filed a complaint in state court against just Goldman Sachs (Index No. 652185/2019).

Rule 41(d) was meant to deter such conduct. UNFI has caused Goldman Sachs to incur unnecessary expenditures, including, but not limited to, attorneys' fees in connection with writing letters to this Court on, among other things, the timing and sequence for filing of various motions, preparation for and appearance at a Court conference, work in coordination with its co-Defendants regarding removal and remand, as well as preparation and coordination of a joint dismissal motion based on allegations directed to the three banks, which was necessitated by UNFI's unwillingness to agree to extend the initial deadline for answering the complaint (and for which a request for an adjournment had to be sought). Thus, Goldman Sachs respectfully seeks a conference at the Court's earliest convenience to discuss recovering costs from UNFI related to those issues. *See, e.g., Horowitz v. S. Emerson Assocs., LLC*, No. 16-cv-2741, 2016 WL 11508981, at *13 (E.D.N.Y. Oct. 19, 2016), *aff'd in relevant part*, 888 F.3d 13, 25-26 (2d Cir. 2018) (awarding costs and attorneys' fees where plaintiff dismissed the first action after an unfavorable court hearing and then filed a similar complaint in a second action); *Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 344-46 (S.D.N.Y. 2009) (awarding costs and fees where "despite some minor revisions", claims in the second complaint were almost word for word copies of claims in the first complaint); *Lombardo v. R.L. Young, Inc.*, No. 3:18-cv-188, 2018 WL 6727356, at *3 (D. Conn. Dec. 21, 2018) (awarding costs and fees where plaintiff could have taken a "course [that] would have avoided the unnecessary delay and ancillary litigation that resulted from the voluntary dismissal of the first action").

We are available to answer any questions the Court may have about Goldman Sachs' proposed motion or any other matters the Court may wish to address.

Respectfully,

/s/ Michael A. Paskin

Michael A. Paskin

The Hon. Louis L. Stanton, U.S.D.J.
   United States District Court for the Southern District of New York
      Daniel Patrick Moynihan United States Courthouse
         500 Pearl Street
            New York, NY 10007-1312

Copies to:

All Attorneys of Record via ECF