**quinn emanuel** trial lawyers | washington, d.c.

1300 I Street NW, Suite 900, Washington, D.C. 20005 | TEL (202) 538-8000 | FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
202-538-8180

WRITER'S INTERNET ADDRESS
gabrielsoledad@quinnemanuel.com

May 17, 2019

**VIA ECF AND HAND DELIVERY**

The Hon. Louis L. Stanton, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *United Natural Foods, Inc. v. Goldman Sachs Group, Inc., et al., No. 19-cv-01607*

Dear Judge Stanton:

We represent Plaintiff United Natural Foods, Inc. ("UNFI") in connection with the above-referenced action. We write in response to (i) the letter from Defendants The Goldman Sachs Group, Inc., Goldman Sachs Bank USA, Goldman Sachs Lending Partners LLC, and Stephan J. Feldgoise (collectively, "Goldman Sachs"), dated April 29, 2019, requesting a pre-motion conference to seek leave to file a motion under Rule 41(d) of the Federal Rules of Civil Procedure (ECF No. 31), and (ii) the letter from Goldman Sachs, dated May 16, 2019, asking the Court to "construe the April 29 letter as a motion under Rule 41(d), or, in the alternative, schedule a pre-motion conference at the Court's earliest convenience" (ECF No. 32).

As an initial matter, Goldman Sachs' request that the Court "construe" the April 29 letter as a motion for costs and fees under Rule 41(d) is improper. This action was voluntarily dismissed by UNFI on April 12, 2019 and thus closed as of that date. Neither the Federal Rules of Civil Procedure, nor this Court's individual rules, required UNFI to respond to Goldman Sachs' April 29 letter within the timeframe set forth in Goldman Sachs' May 16 letter. Further, Goldman filed its letter in the wrong Court. By its express terms, Rule 41(d) may only be brought in the second filed action. *See* Fed. R. Civ. P. 41(d) ("the court . . . may order the plaintiff to pay all or part of the costs ***of that previous action*** . . . .") (emphasis added); *see also Delvalle v. Cedric Kushner Promotions, Ltd.*, 2000 WL 1915808, at *1 (S.D.N.Y. 2000) ("On consideration, this

Hon. Louis L. Stanton
May 17, 2019
Page 2 of 4

Court concludes that it lacks power to award plaintiff the relief he here seeks, since a close reading of Rule 41(d) makes plain that only the court before which the new action is filed is given power under the rule to award the costs of the dismissed action.").

Moreover, Goldman Sachs' request for a pre-motion conference should be denied because it fails to make even a prima facie showing that its contemplated motion would further the purpose of Rule 41(d), which Goldman Sachs acknowledges is "to serve as a deterrent to forum shopping and vexatious litigation." April 29 Ltr., at 1–2 (citing *Horowitz v. 148 S. Emerson Assoc. LLC*, 888 F. 3d 13, 25 (2d Cir. 2018)). Apart from in acknowledging Rule 41(d)'s purpose, Goldman Sachs never so much as mentions either "forum shopping" or "vexatious litigation" in its letters. Instead, it merely contends that "the burden upon Goldman Sachs was increased" due to UNFI's decision to sue U.S. Bank N.A. ("U.S. Bank") in a separate lawsuit from the one UNFI initiated against Goldman Sachs and defendants Bank of America, N.A. and Merrill Lynch, Pierce, Fenner & Smith Inc. (together, "Bank of America"). Setting aside that Goldman Sachs' offers no support for that claim in its letters, mere increased burden—without more—is not a basis to seek fees and costs under Rule 41(d). And, as the procedural history of this action makes clear, neither "forum shopping" nor "vexatious litigation" is at issue here.

Goldman Sachs cannot claim that UNFI engaged in "forum shopping." Goldman Sachs has simply ended up where it started—in New York state court, plaintiff UNFI's chosen forum. Indeed, this action was only before this Court because Goldman Sachs's co-defendant, Bank of America, removed the case based on its status as a national banking association subject to the Edge Act, 12 U.S.C. §§ 611, *et seq.* and its purported application to the Term Loan at issue (ECF 1.) Goldman Sachs is not a national banking association and has no basis to assert federal jurisdiction over UNFI's claims. It thus cannot complain that it has suffered any prejudice from being back in state court because UNFI dropped Bank of America as a defendant. *See generally Katzman v. Am. Airlines, Inc.*, 1997 WL 752730, at *1 (S.D.N.Y. 1997) (noting that courts "have uniformly held that defendants are not prejudiced . . . by having to face trial in state court" and denying defendant's request that the court retain jurisdiction over a diversity action voluntarily dismissed by a plaintiff whose second-filed complaint plead only $74,000 in damages).

Goldman Sachs likewise cannot claim that UNFI's litigation is "vexatious." Goldman Sachs implies that UNFI acted improperly when it filed a separate action against U.S. Bank, April 29 Ltr., at 2 (contending that UNFI "split its claims"), and because U.S. Bank moved to intervene and disqualify UNFI's chosen counsel, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), *see id.* But U.S. Bank's accusations are not before the Court, and its disqualification motion was not fully briefed, much less decided against UNFI.[1] Nor was UNFI or Quinn Emanuel's conduct improper: UNFI's retention of conflict counsel to guard against any risks to U.S. Bank was not only appropriate but also consistent with both long-standing precedent from this Court and the ethical guidance from this state's bar. *See, e.g.*, *Sumitomo Corp. v. J.P. Morgan*

---

[1] UNFI voluntarily dismissed this action before filing its opposition to U.S. Bank's motion.

Hon. Louis L. Stanton
May 17, 2019
Page 3 of 4

*& Co., Inc.*, 2000 WL 145747, at *3 (S.D.N.Y. 2000); *see also* N.Y.C. Bar Prof'l Ethics Comm., Formal Op. 2001-3 (2001).  In any event, Goldman Sachs cannot now use **U.S. Bank's** disqualification motion as a basis to claim that UNFI's conduct in **re-filing in state court** was "vexatious" under Rule 41(d).[2]

Even setting aside all of the foregoing, a Rule 41(d) motion by Goldman Sachs would fail because it incurred no costs that may be reimbursed.  In the now-closed action, Goldman Sachs appeared before this Court only: (i) in the context of Defendants' Notice of Removal (and an amended notice) (ECF 1 and 8); (ii) to file its Rule 7.1 Corporate Disclosure Statement (and an amended statement) (ECF 7 and 18); (iii) to present a letter requesting additional time to respond to UNFI's Complaint (ECF 13); and (iv) to appear at a conference on U.S. Bank's motion to intervene and disqualify Quinn Emanuel (at which it made no argument).  Any fees or costs associated with those limited appearances are due solely to Goldman Sachs' voluntary decisions to join Bank of America's removal of the action from UNFI's chosen forum and support U.S. Bank's motion to intervene and disqualify UNFI's chosen counsel.  None of the cases Goldman Sachs cites supports, much less compels, an award of costs or fees under Rule 41(d) on these facts.  *See* Note 2, *supra*.

Nor can Goldman Sachs claim any fees or costs relating to any motion to dismiss.  As Goldman Sachs' own cited authority recognizes, the "payment of fees upon dismissal without prejudice must be limited to compensation for work that cannot be used in a second action." *Adams*, 630 F. Supp. 2d at 346 (alterations, quotation marks, and citation omitted).  Because, as Goldman Sachs recognizes, the same state law claims are at issue in the state court action as were before this Court, any preparatory work in anticipation of a motion to dismiss those claims will be equally useful in either forum.  Reimbursing Goldman Sachs for those fees would amount to a windfall that would offend both the letter and the spirit of the Rule.  Goldman Sachs' request for a pre-motion conference to consider a motion under Rule 41(d) should be denied for this reason, too.

---

[2]   The authority Goldman Sachs cites illustrates the chasm separating the procedural history here and that in cases where costs and fees have been granted. *See Horowitz v. 148 S. Emerson Assoc., LLC*, 2016 WL 11508981 (E.D.N.Y. 2016), *aff'd in part, vacated in part, remanded,* 888 F. 3d 13 (2d Cir. 2018) (plaintiff filed its district court action for injunctive relief only after its state court application for the same relief was denied); *Adams v. New York State Educ. Dept.*, 630 F. Supp. 2d 333 (S.D.N.Y. 2009) (plaintiffs voluntarily dismissed their first actions after multiple delays caused solely by plaintiffs and their counsel, who was disbarred during the pendency of the first actions); *Lombardo v. R.L. Young, Inc.*, 2018 WL 6727356 (D. Conn. 2018) (plaintiff voluntarily dismissed his first action after discovery, including depositions, and refiled the same claims adding new defendants, rather than amending his complaint to add parties or filing a separate action against the new defendants).

Hon. Louis L. Stanton
May 17, 2019
Page 4 of 4

Respectfully submitted,

_____
Gabriel F. Soledad